IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DISTRICT OF ST. CROIX

JOAN L. GILLHAM,                              )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )
                                             )   Civil Action No. 1:22-cv-00044-KAJ
VIRGIN ISLANDS SUPREME COURT,                )
et al,                                       )
                                             )
                    Defendants.              )
                                             )

MEMORANDUM OPINION

## I.     INTRODUCTION

Joan L. Gillham is an attorney dissatisfied with several aspects of the regulation of

the practice of law in the Virgin Islands.  She is proceeding pro se against the Virgin

Islands Supreme Court (the "V.I. Supreme Court"), the Virgin Islands Bar Association

(the "Bar Association"), and Tanisha Bailey-Roka.  Baily-Roka is named in both her

individual capacity and in her official capacity as Chief Disciplinary Counsel of the V.I.

Supreme Court's Office of Disciplinary Counsel.  At one point, this case was pending in

the United States District Court for the Northern District of Texas, but it was transferred

here, to the District Court of the Virgin Islands, where the Defendants renewed and

amended the dispositive motions they had filed.  Gillham's filings in opposition to those

motions did not meaningfully respond to numerous arguments.  Nor did her motion for

1

leave to file a second amended complaint adequately address concerns with the first amended complaint, which is the currently operative pleading.

During a video status conference with the parties on February 28, 2023, I gave Gillham a further opportunity to show that her legal claims could properly proceed. I directed her to file a brief addressing certain specific points, including why she has a good faith basis for believing that each form of relief she seeks is not barred by sovereign, absolute, or qualified immunity on a claim-by-claim, defendant-by-defendant basis. She filed a brief, but it demonstrates only an unwillingness or inability to justify the continued existence of her suit.

## II.   BACKGROUND

### A.   Gillham's Operative Complaint[1]

This case arises in part from Gillham's unsuccessful efforts to modify a 2021 change in the V.I. Supreme Court's process for allowing licensed attorneys to rely on continuing legal education ("CLE") credits from other jurisdictions to satisfy the CLE requirements set by the V.I. Supreme Court. Attorneys admitted in the Virgin Islands are required to accumulate and report annually twelve hours of CLE credits, including two hours related to ethics. Gillham alleges that from her admission in 2010 through March

---

[1] I summarize Gillham's case as presented in her first amended complaint, and as discussed with me during the February 28, 2023 status conference. Because we are at the pleading stage, I have accepted the truth of Gillham's factual allegations. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787-89 (3d Cir. 2016).

18, 2021, she was able to satisfy that obligation by obtaining CLE credits anywhere in the United States and reporting those credits "without incident." (D.I. 11 ¶ 28.) For that roughly ten-year period, she was given credit for each course she took, after "routinely submit[ting] the certificate of attendance" to the Bar Association. (D.I. 11 ¶ 28.)

Those circumstances changed on March 19, 2021, when the V.I. Supreme Court approved new CLE regulations proposed by the Bar Association. The new regulations limited automatic reciprocity for CLE credits to those approved by twelve states. That is, credits approved in those twelve jurisdictions were presumed to comply with the requirements of the V.I. Supreme Court without the necessity of "further application, review, or payment of any fee[.]" (D.I. 11-2 at 5.) Gillham says she "t[ook] numerous steps to add the [remaining] 38 States to the reciprocal jurisdiction list with either the Virgin Islands Bar Association and/or the Virgin Islands Supreme Court." (D.I. 11 ¶ 42.) None of those steps proved successful.

Beyond her CLE grievances, Gillham has raised two other issues relating to the practice of law in the Virgin Islands. First, she contends she should be permitted to provide a post office box, rather than her home address, on her annual registration statement with the V.I. Supreme Court. She says her post office box is more accessible

3

to her because she lives with a disability and there is ongoing construction near her home.
Also, in her view, mail delivery to her post office box is more secure and reliable.[2]

The second issue relates to her dissatisfaction with a pending V.I. Supreme Court
case involving the annual registration filing requirement for 2020. Gillham alleges she
was erroneously included on a V.I. Supreme Court order, issued September 23, 2020,
listing 27 attorneys who faced automatic suspension for failure to file an annual
registration statement for 2020 and to pay the corresponding fee. The order indicated that
the suspension would be effective in 14 days if the identified attorneys did not cure their
individual delinquencies. On the same day that order issued, Gillham represented to
Bailey-Roka, via email, that her 2020 annual registration statement and fee had been
timely submitted. The next day, Bailey-Roka moved to dismiss the order as it related to
Gillham. Gillham moved for sanctions against Bailey-Roka on the ground that Bailey-
Roka had submitted filings to the V.I. Supreme Court that contained false statements
knowingly made. Gillham further moved to seal and expunge her case, as well as to have

---

[2] As of the filing of her first amended complaint, Gillham had not received her
2022 Virgin Islands bar card after being informed her annual attorney registration filing
was deficient for failing to provide her physical address. At the February status
conference with me, however, she confirmed that she had since received her bar card.
The transcript of the status conference, referenced herein as "Status Conf. Tr.," was not
filed with its own docket number. That said, two of the parties attached it as exhibits to
their filings and, thus, it is publicly available at D.I. 147-1 and D.I. 148-1

a special master appointed to hear her motions. She alleges that no hearing has been held on her motions and that her case is still pending.[3]

### B.     Procedural Background

Gillham's first amended complaint (which, for convenience, I will refer to hereafter simply as the "the complaint") contains three substantive counts – Count I (Equal Protection), Count II (Privileges and Immunities), and Count III (Due Process). While the case was pending in the Northern District of Texas, the Defendants filed dispositive motions. The V.I. Supreme Court and Bailey-Roka filed a joint motion to dismiss, and the Bar Association filed an answer, followed by a motion for judgment on the pleadings. The Northern District of Texas transferred the case here in July of 2022. Thereafter, the V.I. Supreme Court and Bailey-Roka each filed a revised motion to dismiss and the Bar Association filed an amended motion for judgment on the pleadings.

Among other things, the V.I. Supreme Court's motion argued that: (1) the District Court of the Virgin Islands does not have jurisdiction to review final decisions of the V.I. Supreme Court; (2) Gillham's contention that her inclusion on a list of non-compliant attorneys is unlawful is not ripe for purposes of Article III jurisdiction; (3) Gillham failed to exhaust her administrative remedies before challenging the V.I. Supreme Court's process for approving CLEs ; (4) *Younger* abstention is appropriate with respect to any

---

[3] The publicly available docket for this case indicates that on December 17, 2020, the V.I. Supreme Court denied Gillham's request for a special master as unwarranted.

5

case pending before the V.I. Supreme Court; (5) the Virgin Islands and its officers are not "persons" within the meaning of 42 U.S.C. § 1983 for suits for money damages; (6) the V.I. Supreme Court is entitled to absolute immunity for its judicial decisions, as well as absolute immunity for legislative decisions regarding CLE requirements; and (7) Gillham's complaint is an unduly prolix and confusing "shotgun pleading" that fails to comply with the notice pleading requirement of Rule 8 of the Federal Rules of Civil Procedure (D.I. 100 at 19 (emphasis removed).)

Among the Bar Association's arguments are the following: (1) the Bar Association is not "person" within the meaning of 42 U.S.C. § 1983; (2) Gillham failed to identify any conduct the Bar Association engaged in that violated her rights, given that the V.I. Supreme Court approved the CLE system; and (3) the Bar Association is entitled to quasi-judicial immunity or, alternatively, quasi-legislative immunity for each claim against it.

Bailey-Roka's motion included arguments that: (1) in her official capacity, she is not a "person" within the meaning of 42 U.S.C. § 1983; (2) she is entitled to quasi-judicial and/or prosecutorial immunity from damages; (3) she is not a proper defendant insofar as she is being sued for actions she did not take and cannot change, such as promulgation of the CLE regulations; and (4) she is, at a minimum, entitled to qualified immunity.

While Gillham opposes those motions, she has failed to meaningfully respond to a great many of the Defendants' arguments. For example, she failed to address this Court's jurisdiction to review a final decision of the V.I. Supreme Court, the propriety of *Younger* abstention for cases pending before the V.I. Supreme Court, the Article III ripeness of her claims, exhaustion of administrative remedies, and whether Bailey-Roka is entitled to qualified immunity. In another example, Bailey-Roka argued that as "disciplinary counsel" she is "immune from suit under the quasi-judicial immunity doctrine[,]" citing among other things, *Capogrosso v. Sup. Ct. of New Jersey*, 588 F.3d 180, 184-85 (3d Cir. 2009). (D.I. 102 at 10.)  But Gillham did not address how that decision should apply here. In a similar vein, the V.I. Supreme Court, Bailey-Roka, and the Bar Association each rely on a line of Third Circuit authority explaining that, with respect to damages actions, "neither the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983." *Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993) (citing *Ngiraingas v. Sanchez*, 495 U.S. 183, 192 (1990)); *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010).  But Gillham does not respond to that caselaw in any way in her opposition filings.

Gillham's failure to meaningfully respond to various dispositive arguments opened the complaint to dismissal. It is well-settled that failure to meet an opponent's arguments operates as a concession. *See In re Bestwall LLC*, 47 F.4th 233, 244 (3d Cir. 2022) (citing with approval the Fifth Circuit's observation that a court may "treat[] the

7

failure [of a party] to respond to [its opponent]'s arguments as a concession" that the

assertions are true (quoting *In re Incident Aboard D/B Ocean King*, 758 F.2d 1063, 1071

n.9 (5th Cir. 1985)); *see also Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 437 n.11 (3d

Cir. 2005) (explaining that failure to respond to an opponent's arguments "waives, as a

practical matter anyway, any objections not obvious to the court to specific points urged

by the [opponent]"). Consequently, failure to meaningfully respond to arguments in

favor of granting a dispositive motion as to specified claims justifies dismissal of those

claims. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of

justice is adversarial, and our judges are busy people. If they are given plausible reasons

for dismissing a complaint, they are not going to do the plaintiff's research and try to

discover whether there might be something to say against the defendants' reasoning.").

I nevertheless convened the February 28, 2023 status conference, and, as I

explained at that time, was committed to getting this case back on track to work towards

a fair and efficient resolution, if reasonable justification could be mustered for the

claims.[4] Because Gillham filed her motion for leave to amend before the Defendants

filed their post-transfer dispositive motions, and because Gillham did not meaningfully

---

[4] After the action was transferred to this Court in July 2022, the assigned United
States Magistrate Judge recused himself. Gillham then sought recusal of both the District
Court Judges and the remaining Magistrate Judge of this Court. In November 2022, I
was designated to preside in this case. By that time there were ten pending motions.
Among them were the aforementioned dispositive motions and Gillham's motion for
leave to file a second amended complaint.

address the points that were raised by those dispositive motions, I determined that, while it appeared amendment of the complaint might be futile, further opportunity should be given to explore whether amendment was proper. Accordingly, I granted Gillham a final opportunity to justify her request for leave to amend, and I instructed that, at a minimum, in her briefing she should address six points related to the pending dispositive motions.

Those six points, more fully explained herein, are as follows: (i) whether she could properly seek damages against the Virgin Islands and its officers in their official capacities pursuant to 42 U.S.C. § 1983; (ii) whether the officials she sued could actually grant the kinds of injunctive relief she sought; (iii) whether this Court has jurisdiction to review decisions of the V.I. Supreme Court; (iv) whether *Younger* abstention is warranted; (v) whether the relief she seeks is barred by sovereign, absolute, or qualified immunity, addressing that question on a claim-by-claim and defendant-by-defendant basis; and (vi) an identification of the specific ways she has been damaged by each act she contends is wrongful.

Additionally, I explained that I would deny the pending dispositive motions without prejudice but with an important caveat. To avoid prejudicing the Defendants, I assured them that, if Gillham failed to justify her request for leave to amend, they could simply re-notice their motions to dismiss, and I would act on them. As I put it to Gillham, "[i]n short, rather than dismissing this complaint and giving you an opportunity to replead, I'm giving you a chance to justify" why this case ought to proceed in light of

9

the "holes that I just have been pointing out[.]" (Status Conf. Tr. at 56; *see also id.* at 48

(explaining "if I were ruling" on Gillham's request to file a second amended complaint

on February 28, 2023, without further briefing, I would deny it because "[t]here are just

too many significant gaps here and problems.").)

## C.   Requested Briefing

Regarding the first of the six points that I asked Gillham to address, I noted the

Third Circuit ruling that "neither the Territory of the Virgin Islands nor its officers acting

in their official capacities are 'persons' under 42 U.S.C. § 1983" when it comes to

damages actions. *Brow*, 994 F.2d at 1037; *McCauley*, 618 F.3d at 240; *Iles v. de Jongh*,

638 F.3d 169, 177-78 (3d Cir. 2011). Accordingly, if Gillham wished to maintain such a

claim "against the Virgin Island or any of its officers," she would need to identify a

Supreme Court or Third Circuit en banc opinion that overruled those cases. (Status Conf.

Tr. at 49.)

Second, I explained that under *Ex parte Young*, 209 U.S. 123 (1908), and its

progeny, a constitutional claim asserted via § 1983 may be brought against an appropriate

officer in his or her official capacity to seek prospective injunctive relief, as opposed to

monetary damages. *See Iles*, 638 F.3d at 177 ("We have previously upheld this key

distinction, affirming the dismissal of § 1983 claims for past wages even when presented

as claims for 'injunctive relief,' because those claims were retrospective rather than

prospective."); *see also McCauley*, 618 F.3d at 241 (explaining that the plaintiff "cannot

10

seek money damages against [two employees of the University of the Virgin Islands, and h]e may only seek prospective injunctive relief"). I told Gillham that if she wished to proceed with a § 1983 claim under an *Ex parte Young* theory, she must do so with precision with respect to each such claim, identifying the prospective relief sought and "the right officer that could give prospective relief if prospective relief were warranted." (Status Conf. Tr. at 51-52.)

Third, I explained that the District Court of the Virgin Islands does not sit in review of the V.I. Supreme Court. I noted that there was once a time when the Third Circuit did but that Congress had since vested sole review in the United States Supreme Court by way of writ of certiorari. 28 U.S.C. § 1260; *see also Vooys v. Bentley*, 901 F.3d 172, 184 (3d Cir. 2018) (en banc) (explaining the Third Circuit's certiorari jurisdiction for the Virgin Islands Supreme Court has been "replaced … with direct U.S. Supreme Court certiorari review"). Consequently, I instructed Gillham that, if she wished to bring any claim contending she had been harmed by any decision of the V.I. Supreme Court, she was to "specifically address why … the District Court has got jurisdiction to review it." (Status Conf. Tr. at 52.)

Fourth, I discussed how the *Younger* abstention doctrine, as applied in the Third Circuit decision in *Kendall v. Russell*, 572 F.3d 126 (3d Cir. 2009), and the Supreme Court's decision in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013), authorizes

11

abstention in deference to a pending state court proceeding in certain instances.[5]  I further

explained that, although the Virgin Islands is a territory not a state, the Third Circuit has

held that *Younger* abstention applies with reference to the Virgin Islands as if it were a

state. *Kendall*, 572 F.3d at 130 n.3.  Thus, I instructed Gillham that, for any claim she

wished to bring "contend[ing she was] harmed by the pendency of judicial proceedings

before the Virgin Islands Supreme Court, [she was to] specifically address why *Younger*

abstention is not appropriate." (Status Conf. Tr. at 53.)

Fifth, I told her that, "with respect to each claim on a defendant-by-defendant

basis," she was "to specifically explain why [she] ha[d] a good faith basis for believing

that the relief [she] seek[s] is not barred by sovereign immunity, absolute immunity, or

qualified immunity." (Status Conf. Tr. at 54.)  And, as part of that exercise, insofar as

she wished to bring any claim "dealing with the regulation of the practice of law," for

---

[5] That doctrine, named for *Younger v. Harris*, 401 U.S. 37 (1971), is a relatively
narrow exception to the general rule that "federal courts ordinarily should entertain and
resolve on the merits an action within the scope of a jurisdictional grant[.]" *Sprint
Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).  The Supreme Court has identified
only select categories of cases where a federal court may consider whether abstention is
appropriate in deference to a pending state court proceeding. *Id.* at 74.  And it settled that
one such category to which *Younger* abstention may be applied is attorney disciplinary
proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,
434 (1982).  But whether a case is in that category such that abstention *may* be
appropriate is a threshold concern, as abstention is only appropriate if three conditions are
met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state
proceedings implicate important state interests; and (3) the state proceedings afford an
adequate opportunity to raise federal claims." *Kendall v. Russell*, 572 F.3d 126, 131 (3d
Cir. 2009).

each such claim she must identify whether she is "contending that the Virgin Islands Supreme Court is acting in a legislative, judicial, or prosecutorial capacity," backing it up with citations to authority.  (Status Conf. Tr. at 54-55.)

Sixth and finally, with respect to any claim for damages, I told Gillham to "explain what [her] damage is specifically and how it flows from the wrongful act [she] claim[s] was committed."  (Status Conf. Tr. at 55.)

## III.   DISCUSSION

### A.   Leave To Amend is Denied

Unfortunately for Gillham, her brief does not meaningfully address the concerns I identified for her from the Defendant's dispositive motions, a failure confirming that allowing further amendment would be futile and unduly prejudicial to the Defendants.[6]

---

[6] District courts are imbued with discretion to deny leave to file a second amended complaint. *Spartan Concrete Prod., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

Gillham's brief was submitted in support of her motion for leave to file a second amended complaint, but our discussion at the February status conference should have made clear to her that she was being asked to respond to the various arguments raised by the Defendants in their dispositive motions.  From our discussion, it should have been plain that the case would be allowed to proceed only if she answered the potentially dispositive arguments that I had summarized for her. She did not do so, and that is what I mean when I say that Gillham has failed to meet her adversaries' arguments. Further, when I say she did not adequately respond to the points I directed her to address, I am not saying she said nothing at all. Her opening brief and reply briefs combined run to more than 90 pages. Nor do I mean to suggest that each of the points she was instructed to raise were completely absent from her filings. There was an effort to respond, and I do not question her good faith in trying to do so. And of course, not each of the six points

13

Nor, in light of those same concerns, does she cogently justify her effort to expand the case by adding ten new substantive counts and five additional defendants.  On the contrary, she made virtually no effort to orient the reader to the substantive difference between her currently operative 35-page, 165 paragraph complaint, and her newly proposed 80-page, 417 paragraph complaint.[8]  Indeed, she introduces the new substantive claims in the vaguest of terms, describing eight of those counts as a "general attack of the constitutionality of the Defendants['] rules (Attorney Registration Statement and Continuing Legal Education) to maintain attorney licensure in the Virgin Islands[,]" one as a tort claim arising from an "abuse of process," and another as a tort claim arising from a "wrongful use of civil proceedings."  (D.I. 143 at 2.)

Nowhere in her brief does she show, on a claim-by-claim and defendant-by-defendant basis, that she has a good faith basis for believing that the relief she seeks is not barred by some form of immunity.  Of particular note, despite the immunity arguments raised by the Defendants and my express direction that she address them, she again fails to articulate a good faith basis for concluding that qualified immunity was

---

Gillham was instructed to address are implicated by every claim, and they do not all involve every defendant.  That is why I asked her to address her arguments on a claim-by-claim, defendant-by-defendant basis and why I have been at pains to explain here in detail the instructions I gave to her.  All of that said, however, the results of her effort are simply inadequate to the task.  She has not demonstrated that she has any legally viable claim against the Defendants or anyone she seeks to add as a defendant.

[8] Additionally, she seeks to add a count requesting declaratory judgment.

unavailable to the parties against whom she invokes 42 U.S.C. § 1983 and seeks money damages.[9]

For example, she attempts to add as a defendant Chief Justice Rhy S. Hodge of the V.I. Supreme Court so that, among other things, she can try to get monetary damages, including punitive damages, against him for alleged constitutional violations (citing his role in promulgating and enforcing the CLE reciprocity process that she finds objectionable and the requirement that she include her home address in her annual registration statement). I would have expected her to cogently address each of the immunity issues already on the table, on a claim-by-claim, defendant-by-defendant basis, as requested, and then doing the same with Justice Hodge and the other proposed new defendants. But she does neither. Remarkably, the words "qualified immunity" appear nowhere in her briefing. She likewise made no effort to demonstrate that it is clearly established that a state or territory's highest court violates the federal constitution by requesting that an attorney provide her home address on an annual registration statement. And she has not shown that any federal court has ever held that granting reciprocity to

---

[9] "The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022). Qualified immunity entails examining "whether the plaintiff sufficiently alleged a right ha[s] been violated" and "whether that right was clearly established when it was allegedly violated to the extent 'that it would have been clear to a reasonable person that his conduct was unlawful.'" *Id.*

15

some jurisdictions and not others for purposes of fast-tracking approval of CLE credits is unconstitutional, let alone that doing so is a violation of clearly established law.[10]

There are other significant problems with Gillham's briefing. Although her effort to address *Younger* abstention has better focus than some other portions of her briefs, her arguments still suffer a number of deficits, such as failing to reconcile them with past positions she has taken, failing to support key assertions with authority, failing to support arguments with adequate legal analysis, and failing to respond to certain of her opponent's arguments. A first example is Gillham's contention that *Younger* abstention is not appropriate because the proceeding regarding the 2020 annual registration statement is not judicial in nature. Gillham makes no effort explain how that can be squared with arguments she made before the V.I. Supreme Court, including her invocation of the V.I. Rules of Civil Procedure.

A second example is Gillham's assertion, without citation, that the proceeding cannot be judicial because "judicial review [is not available] as the [annual registration statement] petitions are filed in the court of last resort in the Virgin Islands." (D.I. 143 at 31.) If that were so, taken to its logical extreme, her position would mean – absurdly – that the highest court of each state and territory cannot conduct judicial proceedings because it is the highest court. Beyond that, her position also assumes that the decisions

---

[10] Indeed, the word "reciprocity" appears for the first time in her reply briefing.

of such courts are unreviewable by the Supreme Court of the United States.  Gillham omits any discussion of the point I raised at the February status conference regarding the availability of a petition for writ of certiorari to seek review of a final decision of V.I. Supreme Court.  *See* 28 U.S.C. § 1260 ("Final judgments or decrees rendered by the Supreme Court of the Virgin Islands may be reviewed by the Supreme Court by writ of certiorari where ... [among other things] any ... right [or] privilege ... is ... claimed under the Constitution[.]").

One last example: Gillham asserts that the "*Younger* abstention doctrine no longer applies to the Virgin Islands[,]" because *"Younger* ... is premised on dual sovereignty between the States and the Federal Government," and the Supreme Court concluded in *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863 (2016), that Puerto Rico is not a separate sovereign for double jeopardy purposes.  (D.I. at 143 at 33-34.)  But that ignores something the Supreme Court flagged in the first paragraph of that opinion, namely that it was making a narrow point about double jeopardy, not a broad statement about sovereignty.  *Id.* at 1867 ("To determine whether two prosecuting authorities are different sovereigns for double jeopardy purposes, this Court asks a narrow, historically focused question.  The inquiry does not turn, as the term 'sovereignty' sometimes suggests, on the degree to which the second entity is autonomous from the first or sets its own political course.  Rather, the issue is only whether the prosecutorial powers of the two jurisdictions have independent origins[.]"); *see also id.* at 1870 ("Truth be told, however, 'sovereignty'

in this context does not bear its ordinary meaning.  For whatever reason, the test we have devised to decide whether two governments are distinct for double jeopardy purposes overtly disregards common indicia of sovereignty.").

In the end, Gillham's failure to include the kind of claim-by-claim, defendant-by-defendant analysis that I told her was required makes her brief unresponsive and incapable of justifying why this case ought to continue.[11]  The purpose of this exercise was to provide Gillham with another opportunity to demonstrate the viability of her proposed claims as to each defendant.  Regrettably, her submission does not serve that purpose, and there is no indication that additional briefing would.  I will therefore deny further leave to amend the complaint.  Moreover, since the briefing directed to the motion for leave to amend was intended to address the arguments raised by the Defendants' dispositive motions, the issues raised in those defense motions are ripe for decision.

Gillham's earlier failure to address the serious concerns advanced in the dispositive motions functioned as a concession that would have provided an adequate basis for dismissing her case with prejudice even without the additional chance at justification that I gave her.  And that is true notwithstanding the fact that she has proceeded pro se.  She is an attorney, and it is well-settled that she is therefore not

---

[11] It also makes a further point-by-point demonstration of the deficiencies in Gillham's submissions impracticable.  In any event, my effort here has been to illustrate, not berate, and the foregoing should suffice.

18

entitled to the "special solicitude" generally afforded lay pro se litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (explaining that "a lawyer representing himself ordinarily receives no such solicitude at all."); *see also Godlove v. Bamberger, Foreman, Oswald, & Hahn*, 903 F.2d 1145, 1148 (7th Cir. 1990) ("Ordinarily, we treat the efforts of pro se applicants gently, but a pro se lawyer is entitled to no special consideration."); *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1306 n.1 (11th Cir. 2018) (refusing to construe brief liberally when the pro se litigant was a "licensed attorney"). Nevertheless, out of an abundance of caution, and being newly assigned to the case, I gave her that additional chance. She did not use it well.

Accordingly, I direct the Defendants to re-notice their dispositive motions so that they may be granted forthwith.

## IV.    CONCLUSION

For the foregoing reasons, Gillham's request for leave to further amend her complaint will be denied. The Defendants will be directed to re-notice their dispositive motions within a week of the filing of this opinion.

Kent A. Jordan, Circuit Judge
sitting by designation

Dated:  July 28, 2023

19